MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Northern District of Texas, Dallas Division |
|---|---|
| Name *(under which you were convicted)*: Roger Harry Olson, II | Docket or Case No.: 3:15-cr-00029-N-1 |
| Place of Confinement: USP Atlanta, P.O. Box 150160, Atlanta, GA 30315 | Prisoner No.: 49151-177 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* ROGER HARRY OLSON, II |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 13 2018
CLERK, U.S. DISTRICT COURT
By RAN
Deputy

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Northern District of Texas
   Dallas Division

   (b) Criminal docket or case number (if you know): 3:15-cr-00029-N-1

2. (a) Date of the judgment of conviction (if you know): 4/22/2016

   (b) Date of sentencing: 4/18/2016

3. Length of sentence: 180 Months

4. Nature of crime (all counts):

   Count 1: Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii).
   Count 2: Possession with Intent to Distribute Gamma Hydroxybutyric Acid ("GHB"), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Counts 1 & 2 of the Indictment.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
   (b) Docket or case number (if you know): No. 16-10507
   (c) Result: Affirmed
   (d) Date of result (if you know): 2/20/2017
   (e) Citation to the case (if you know): United States v. Olson, (No. 16-10507) (5th Cir. 2017)
   (f) Grounds raised:

   Olson contended that a conviction under § 11378 does not qualify as a controlled-substance offense under § 4B1.1 because it criminalizes an offer to sell a controlled substance.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A

       (3) Date of result (if you know): 
       (4) Citation to the case (if you know): N/A
       (5) Grounds raised:
       N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): 
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐   No ☑

(7) Result: N/A

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know):

(4) Nature of the proceeding: N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐   No ☑

(7) Result: N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☑
(2) Second petition:  Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing counsel's failure to file substantive objections to the PSR deprived Olson of effective assistance of counsel and a fair and just sentence.

See Memorandum of Law in Support.

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☑

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☑

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☑

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** Olson's prior convictions do not qualify him as a career offender, requiring resentencing without the career offender enhancement.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In light of Mathis v. United States, 136 S. Ct. 2243 (2016), United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) and Holt v. United States, (No. 16-1793) (7th Cir. Dec. 13, 2016), Olson's prior convictions do not qualify him as a career offender, requiring resentencing without the career offender enhancement.

See Memorandum of Law in Support.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** The automobile exception to the Fourth Amendment does not permit a police officer to enter the curtilage of a home in order to search a vehicle parked therein, uninvited and without a warrant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In light of Collins v. Virginia, 584 U.S. ___ (2018), the automobile exception to the Fourth Amendment does not permit a police officer to enter the curtilage of a home in order to search a vehicle parked therein, uninvited and without a warrant.

See Memorandum of Law in Support.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐ No ☑

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Laura S. Harper-FPD, 525 Griffin St., Suite 629, Dallas, TX 75202

(b) At the arraignment and plea:
James Joseph Mongaras, Jr., Sorrels Udashen & Anton, 2311 Cedar Springs Road, Suite 250, Dallas, TX 75201

(c) At the trial:
N/A

(d) At sentencing:
James Joseph Mongaras, Jr., Sorrels Udashen & Anton, 2311 Cedar Springs Road, Suite 250, Dallas, TX 75201

(e) On appeal:
Kevin B. Ross, 8150 North Central Expressway, Suite M2070, Dallas, TX 75206

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Olson respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

ROGER HARRY OLSON, II
REG. NO. 49151-177
FCI OAKDALE I
FEDERAL CORR. INSTITUTION
P.O. BOX 5000
OAKDALE, LA 71463
Appearing *Pro Se*

**DECLARATION OF ROGER HARRY OLSON, II**

I, Roger Harry Olson, II, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: June __, 2018

ROGER HARRY OLSON, II

ROGER HARRY OLSON, II
REG. NO. 49151-177
FCI OAKDALE I
FEDERAL CORR. INSTITUTION
P.O. BOX 5000
OAKDALE, LA 71463

June ___, 2018

Ms. Karen Mitchell
Clerk of Court
U. S. District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

RE: *Olson v. United States*
Civil No. 3:18-cv-________
Crim No. 3:15-cr-00029-N-1

Dear Ms. Mitchell:

Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Memorandum of Law in Support. Please submit this document to the Court.

Thank you for your assistance in this matter.

Sincerely,

ROGER HARRY OLSON, II
Appearing *Pro Se*

Encls. as noted

FedEx
Express

RT 267 6 15:00 A 5610 06.13

earthsmart
FedEx carbon-neutral envelope shipping

Align top of FedEx Express® shipping label here.

ORIGIN ID:LKSA (256) 808-9009
GEORGE ALEXANDER
2701 MALL DR STE 7
FLORENCE, AL 356301547
UNITED STATES US

SHIP DATE: 12JUN18
ACTWGT: 0.60 LB
CAD: /OFFC1904
DIMS: 0x0x0 IN
BILL SENDER

TO KAREN MITCHELL
UNITED STATES DISTRICT COURT (
1100 COMMERCE ST
STE 1452
DALLAS TX 75242
(999) 999-9999 REF:
INV:
PO: DEPT:

FedEx Express
E

WED - 13 JUN 3:00P
STANDARD OVERNIGHT

TRK# 0215 8082 5625 5610

75242
TX-US DFW

AD KIPA

Extremely Urgent

FedEx Express Package US Airbill

FedEx Tracking Number 8082 5625 5610

Form ID No. 0215

1 From
Date 6/12/2018
Sender's Name Roger Harry Olson
Company USP Atlanta
Address P.O. Box 150160
City Atlanta State GA ZIP 30315

2 Your Internal Billing Reference

3 To
Recipient's Name Karen Mitchell
Company U.S. District Court
Address Northern District of Texas
Address 1100 Commerce, Rm 1452
City Dallas State TX ZIP 75242

4 Express Package Service
Packages up to 150 lbs.

5 Packaging
☑ FedEx Envelope

6 Special Handling and Delivery Signature Options
Does this shipment contain dangerous goods?
☑ No

7 Payment Bill to:

fedex.com 1.800.GoFedEx 1.800.463.3339

8082 5625 5610

◄ Insert shipping document here.