IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

**FILED**

FEB _ 2 2024

CLERK, U.S. DISTRICT COURT
By_____ KP

UNITED STATES OF AMERICA

Vs.                                         CASE NO. 3:15-CR-00029-N

ROGER HARRY OLSON II

## DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE AND APPOINTMENT OF COUNSEL

Comes Now, Roger Harry Olson II (Petitioner), proceeding Pro Se, to request a Reduction In Sentence pursuant to 18 USC § 3582(c)(1)(A), which, as amended by the First Step Act of 2018, allows a district court to reduce a defendant's sentence upon motion of the defendant after considering the factors set forth in 18 USC § 3553(a) and any policy statement issued by the United States Sentencing Commission. Herein, Petitioner presents that he should be granted a reduction based upon Extraordinary and Compelling Reasons of 1) an Unusually Long Sentence (USSG § 1B1.13(b)(6)) and 2) Extensive Rehabilitation (USSG § 1B1.13(d)), which when considered in combination with each other, this Court should find warrants Compassionate Release.

Support Follows:

### LEGAL STANDARD

18 USC § 3582(c)(1)(A) now allows for defendant filed motions requesting a reduction in sentence. The statute sets forth three criteria for a district court to consider in order for a defendant to succeed in his endeavor - 1) for Extraordinary and Compelling Reasons to exist; 2) that any reduction be consistent with the Sentencing Factors as described in 18 USC § 3553(a); and 3) for the requested reduction to be out-lined by the "applicable" policy statement issued by the Sentencing Commission - see Id.

In addition to the criteria outlined above, the statute contains a mandatory claims processing rule that the defendant submit a request to the Warden of his prison, and "upon the lapse of 30 days" may then submit his claim to his District Court - Id. In satisfaction of this, Petitioner presents his request submitted to Warden Jenkins of USP Atlanta on the very issue he now presents herein (see Exhibit 1). If the Court would note, more than 30 days have lapsed since Petitioner submitted his request to Warden Jenkins. As such, this Court should find that it is free to move on the merits of Petitioner's request.

## I. EXTRAORDINARY AND COMPELLING REASONS

A) Unusually Long Sentence

Petitioner was sentenced under 2 violations of 21 USC § 841 and enhanced via § 851 to a total aggregate of 180 months incarceration. As part of the passage of the First Step Act, Congress included Section 401, which redefined what can qualify as a predicate offense for a § 851 enhancement. Section 851 now states, due to the changes made, that a "serious drug offense" requires that the relevant sentence have been longer than 12 months of incarceration and that the offense have been committed less than 15 years before the instant sentencing - See FSA of 2018 § 401; see also 21 USC § 802(57)(A) & (B).

This Court enhanced Petitioner with a § 851 due to his State of California conviction in Case No. SCD193566 entered 8 December, 2005 (see Exhibit 2). This was a violation of California Health and Safety Code 11378 (Count 2) for which he was sentenced to two years (see Exhibit 3). The State of California requires a defendant to serve fifty percent of a sentence imposed less pre-trial custody credits; Petitioner was awarded 132 total days pre-trial custody credits on 4 April, 2006 (see Exhibit 4). Add to this the fact that since his conviction on the instant offense, Count 3 of SCD193566 has been reduced to a misdemeanor by California Proposition 47 (see Exhibit 5); the total time served is well below the 12 months and 1 day now required to qualify as a predicate "serious drug offense." This Court should now find that Petitioner is currently serving a sentence wherein "a change in the law ... where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed [now]" - USSG § 1B1.13(b)(6). Petitioner asserts that were he sentenced today, he would face only a 90 month sentence, rather than the 180 months sentence currently imposed.

B) Rehabilitation Of The Defendant

In his efforts to better himself and prepare for a successful reentry into society, Petitioner has taken a number of self improvement classes, including fitness and nutrition, informing himself on the impacts of climate change, how to manage his personal finances through the Money Smart program, Spanish language studies and the "Wise Credit" courses. He has also taken many courses that are specifically designed to provide job skills which will assist in obtaining employment: the ServSafe Manager Certification program through the National Restaurant Association (a "real world" recognized certification), the corresponding Culinary Arts I & II Professional Cooking curriculum and Restaurant Management Certificate. All which prepares him for a productive career in the

Restaurant/Hospitality Industry.

In addition to these courses, Petitioner has completed both the standard Drug Education and the Non-Residential Drug Abuse Program offered by the Bureau Of Prisons. Petitioner is currently enrolled in the Residential Drug Abuse Program; a nine month program, set in an intensive theraputic community, focused on the individual as a whole person with overalll lifestyle change needs, not simply abstinence from drug use. He is also staying clean from drug abuse through the MAT (Medically Assisted Treatment) program at the Institution, which provides for scientifically tested anti-relapse treatment (as ordered by the First Step Act of 2018 - see § 607(a)). For over fourteen months, the Petitioner has been prescribed and injected with a non-narcotic medication named Vivitrol/Naltrexone; an opioid blocker used to treat opioid use disorder. This therapy will continue during his time remaining in the BOP and into community supervision in combination with his RDAP aftercare.

Throughout the years incarcerated in the Bureau Of Prisons, the Petitioner has continually held employment in various departments: Food Service Administrator Clerk, Education Clerk, VT Culinary Arts Clerk as well as hourly positions in the leisure library and recreation (see Exhibit 6).

As such, this Court should find that the Petitioner has completed an extraordinary amount of rehabilitative activity in his time incarcerated and find, accordingly, that this Reason, in combination with his other Reason, constitutes a showing of "Extraordinary and Compelling Reason[s]" to GRANT a Reduction In Sentence as spelled out in both 18 USC § 3582(c)(1)(A) and as defined by the Sentencing Commission's mandated exclusive authority (by 28 USC § 944(a)(2)) to define what constitutes such - see USSG § 1B1.13(b)(6) & (d).

## II. 3553(a) FACTORS

This Court must also consider the Factors set forth in 18 USC § 3553(a) "to the extent that they are applicable" - 18 USC § 3582(c)(1)(A).
Those Factors are:
1) "the nature and circumstances of the offense"

and

"the history and characteristics of the Defendant"

This Factor advocates strongly in favor of a reduction due to the fact that here, the base offense would have only subjected the Petitioner to a 90 month sentence, but his now inapplicable § 851 enhancement literally doubled his range and sentence to the imposed 180 months. As such, the "nature and circumstances of

the offense" advocates for a sentence 90 months below the one imposed.

As for the second portion, "history and characteristics of the Defendant," the triggering predicate for the § 851 enhancement no longer qualifies. The Petitioner's criminal history contains no other convictions that would qualify, either then or currently, for a § 851 Enhancement. This Court should find that his history no longer supports a 180 month sentence; the change in threshold determination for "serious drug felony" as previously discussed and included by reference here.

The Petitioner has a non-violent criminal history, thus is not a danger to the safety of any other person or to the community. The Petitioner has strong ties in his anticipated release community as he will live with his octagenarian parents. Another characteristic in the Petitioner's favor is his "Low Recidivism Rate" as indicated by his PATTERN score (see Exhibit 6). Also, the previously discussed rehabilitation efforts of the Petitioner should inform this Court's analysis of this Factor, bringing the Court to a conclusion that this Factor weighs strongly in his favor.

2) "the need for the sentence imposed to provide just punishment and deterrence"

This Factor also weighs heavily in Petitioner's favor, as the new Guidelines Sentence that he is exposed to is actually lower than the sentence that he has served to date. This means that continued incarceration actually serves to imbue disrespect for the law in the eyes of others who may be contemplating the same offense and the general public as well. His new guidelines advocate for a 90 month sentence, and thusly has he now "overserved" what he should have after the relevant changes in both fact and law. Accordingly, even the Government should support a reduction here and this Court should find that this Factor supports such a reduction.

3) "the kinds of sentences available"

This Factor also supports a reduction, as Petitioner can easily continue his treatment and rehabilitation while on supervised release. Supervised release is even specifically contemplated in the text of § 3582(c) as appropriate in any reduction scenario. As such, Supervised Release is "available" as a less-restrictive alternative to continued incarceration - and this Court should find that this Factor advocates a reduction accordingly.

4) The Sentencing Guidelines Range

This Factor, cited generally here, supports a reduction probably more strongly than any other, as Petitioner's new Guideline Range is 90 months, less than he has

currently served and exactly half of what he was sentenced to. As such, this Court should find that a reduction is appropriate in the instant case.

5) "any pertinent policy statement"

and

6) "the need to avoid unwarranted sentencing disparities among Defendants"

These two Factors also provide strong support for a reduction here as the Sentencing commission has squarly spelled out Petitioner's exact situation in USSG § 1B1.13(b)(6) & (d) - an "Unusually Long Sentence" that has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is being filed" USSG § 1B1.13(b)(6); and the current sentence has produced a serious disparity among similarly situated Defendants due to the fact that anyone new sentenced with the same record as Petitioner's will necessarily face only half the time of incarceration that he received due to the very changes he cites now for Extraordinary and Compelling Reason[s]. The petitioner has now served over nine years incarcerated on the instant offense. Although this does not meet the letter of the pertinent policy statement, the Fifth Circuit Court of Appeals noted that while the Sentencing Commission's policy statement is a "key factor" in determining whether to grant a reduction, it is not a mandatory requirement and district courts have discretion in considering all relevant factors. As such, this Court should find that Petitioner has met his burden concerning the relevant Sentencing Factors; Petitioner declines to cover the final Factor as his crime did not have any restitution payment ordered at sentencing.

### III. POLICY STATEMENTS

The relevant Sentencing Commission Policy Statement is found at USSG § 1B1.13(b)(6) and USSG § 1B1.13(d). Petitioner presents now that he has already covered this Policy Statement extensively herein and therefor should not need to reiterate his argument now, as doing so would be repetitive and a waste of judicial resources - he merely reincorporates them here by reference. As previously stated, therefor, this Court should find that the applicable policy ststement fully supports a Reduction In Sentence in the instant case.

### IV. APPOINTMENT OF COUNSEL

Petitioner respectfully requests appointment of counsel for the instant proceedings. He fully recognizes that appointment is not a right for post-conviction motions, but he asserts now that he has provided a Prima Facie case that he deserves the relief requested herein and that therefore appointment is warranted

in the interest of justice (18 USC § 3006 et seq.) in order to bring adequate resources to bear in the adjudication of the instant Motion.

## CONCLUSION

For the foregoing Reasons, this Court should GRANT a Reduction In Sentence to Time Served, with a corresponding Order for appropriate Supervised Release with conditions to be determined by the Court, or any releif this Court deems fit to provide. I, Roger Harry Olson II, hereby swear under penalty of perjury that the foregoing is both true and accurate, to the best of my knowledge.

Respectfully Submitted,

Roger H. Olson II

Roger Harry Olson II #49151-177

## CERTIFICATE OF SERVICE

I, Roger Harry Olson II, hereby swear under penalty of perjury that the foregoing was placed in the hands of the FCI Safford Legal Mail Representative on 01/24/2024 and ask the Clerk Of Court to provide notice to the Government and its local U.S. Attorneys' Office via the Courts' CM/ECF system of same.

Respectfully Submitted,

*Roger H. Olson II*

Roger Harry Olson II #49151-177

# Exhibit 1

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Warden Jenkins | 1 June, 2023 |
| FROM: | REGISTER NO.: |
| Roger Olson II | #49151-177 |
| WORK ASSIGNMENT: | UNIT: |
| Education | B3 #614L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

Warden Jenkins, I am requesting Compassionate Release based on changes made
by the First Step Act of 2018; Congress included §401, which redefined what can
qualify as a predicate offense for a §851 Enhancement. Section 401 now states that
a "serious drug offense" requires the relevant sentence have been longer than 12
months incarceration. The U.S. District Court enhanced my case with a §851
Enhancement due to a California conviction in case #SCD193566; the relevant
sentence served was well **below the 12 months and 1 day now required** to qualify as
a predicate "serious drug offense." If sentenced today without the §851
Enhancement, I would be exposed to a significantly lower penalty and have now been
incarcerated longer than necessary. Please review United States Sentencing
Guideline §1B1.13(b)(6); First Step Act §401; United States Vs. Roger Olson II,
Northern District Of Texas, Dallas Division Case #3:15-CR-00029-N.

Thank you for your attention to this matter and timely response.

Sincerely,

*Roger H. Olson II*                    (Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

ROGER HARRY OLSON, II

NO. 3:15-CR-0029-N

PENALTY ENHANCEMENT INFORMATION
AND NOTICE OF INTENTION TO SEEK ENHANCED PENALTY

The United States Attorney charges:

1. Before committing the offense alleged in Count One of the indictment returned on January 21, 2015, Roger Harry Olson, II, was convicted of the following predicate drug offense:

Possession for Sale of a Controlled Substance, to wit: Gamma Hydroxybutyric (GHB) and Possession of a Controlled Substance, to wit: Methamphetamine, in cause number C0193566, in the Superior Court of California, County of San Diego, offense concluded on or about September 6, 2005, judgment entered December 8, 2005.

2. The conviction alleged in paragraph one became final before Olson committed the offense alleged in Count One of the indictment.

3. Pursuant to 21 U.S.C. §851(a)(1), the government hereby informs that it will use this prior felony drug conviction to seek enhanced penalties provided for in 21 U.S.C. §841(b)(1)(B) upon Olson's conviction for the drug offense alleged in Count One of the indictment, that is, Possession with Intent to Distribute a Controlled Substance, to wit: 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

4. The United States Attorney serves notice that, upon conviction of the defendant Count One of the indictment, the United States will seek to invoke the enhanced penalty provisions and subject Olson to the following penalties:

a. a term of imprisonment of not less than 10 years and not more than life;

b. a fine not to exceed $8,000,000 or twice the pecuniary gain to the defendant or loss to the victim; and

c. a term of supervised release of not less than 8 years shall follow any term of imprisonment.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/ Lara L. Burns
LARA L. BURNS
Special Assistant United States Attorney
Louisiana State Bar Roll No. 24987
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8812
Email: Lara.Burns@usdoj.gov

CERTIFICATE

I hereby certify that on August 31, 2015, I provided a copy of this document to defendant's counsel, Joseph Mongaras.

/s/ Lara L. Burns
LARA L. BURNS
Special Assistant United States Attorney

# Exhibit 3

 

**ABSTRACT OF JUDGMENT - PRISON COMMITMENT - DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

CR-290

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SAN DIEGO** | | |
|---|---|---|

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs.<br>DEFENDANT: **OLSON, ROGER**<br><br>AKA: **OLSON, ROGER HARRY** | DOB: **09-17-72** | SCD193566    -A |
| | | -B |
| CII NO.: | ☐ NOT PRESENT | -C |
| BOOKING NO.: **0414046A** | | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT | ☒ AMENDED<br>ABSTRACT | -D |

F I L E D
Clerk of the Superior Court

**FEB - 5 2007**

By: _____ Deputy
R. SCHACH

| DATE OF HEARING<br>**12-08-05** | DEPT. NO.<br>**30** | JUDGE<br>**CHARLES G. ROGERS** |
|---|---|---|
| CLERK<br>**R. SCHACH** | REPORTER<br>**T. ERVIN** | PROBATION NO. OR PROBATION OFFICER    ☒ IMMEDIATE SENTENCING |
| COUNSEL FOR PEOPLE<br>**C. PHILLIPS** | | COUNSEL FOR DEFENDANT<br>**D. GREENE**     ☐ APPT'D. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L, M, U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | HS | 11378 | POSS FOR SALE OF CONT SUB | 2005 | 12-08-05 | | | X | M | | | | | | | 2 | 0 |
| 3 | HS | 11377 | POSS OF CONTROLLED SUB | 2005 | 12-08-05 | | | X | | | | | X | | | (0 | 8) |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

4. ☐ Deft. sentenced per: ☐ PC 667(b)-(i) or PC 1170.12 (two strikes)    ☐ PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed. (Paper Commitment.) Deft. ordered to report to local Parole Office upon release.

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: _____

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME EXCLUDING COUNTY JAIL TERM: **2**    **8**

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR –290 (Rev. January 1, 2007)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**

Penal Code,
§§ 1213, 1213.5

PEOPLE OF THE STATE OF CALIFORNIA vs
DEFENDANT: **OLSON, ROGER**

| SCD193566 | -A | -B | -C | -D |

**9.   FINANCIAL OBLIGATIONS** (plus any applicable penalty assessments):

**a.   Restitution Fine(s):**

Case A: $**200**    per PC 1202.4(b) forthwith per PC 2085.5;    $**200**    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

Case B: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

Case C: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

Case D: $_____    per PC 1202.4(b) forthwith per PC 2085.5;    $_____    per PC 1202.45 suspended unless parole is revoked.
$_____    per PC 1202.44 is now due, probation having been revoked.

**b.   Restitution per PC 1202.4(f):**

Case A: $_____    ☐ Amount to be determined   to ☐ victim(s)*    ☐ Restitution Fund
Case B: $_____    ☐ Amount to be determined   to ☐ victim(s)*    ☐ Restitution Fund
Case C: $_____    ☐ Amount to be determined   to ☐ victim(s)*    ☐ Restitution Fund
Case D: $_____    ☐ Amount to be determined   to ☐ victim(s)*    ☐ Restitution Fund

☐ * Victim name(s), if known, and amount breakdown in item 11, below.   ☐ * Victim names(s) in probation officer's report.

**c.   Fine(s):**

Case A: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case B: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case C: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

Case D: $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a)   ☐ $_____ Drug Program Fee per HS 11372.7(a)   for each qualifying offense.

**d.   Court Security Fee:** $_____ per PC 1465.8.

**10.   TESTING**   a. ☐ Compliance with PC 296 verified   b. ☒ DNA per PC 296   c. ☐ AIDS per PC 1202.1   d. ☐ other (specify):

**11.   Other orders** (specify):
**$20 COURT SECURITY FEE;**

**12.   IMMEDIATE SENTENCE:**

☒ Probation to prepare and submit
Post-sentence report to CDCR per PC 1203c.

Defendant's race/national origin:

**13.   EXECUTION OF SENTENCE IMPOSED:**

a. ☒ at initial sentencing hearing.
b. ☐ at resentencing per decision on appeal.
c. ☐ after revocation of probation.
d. ☐ at resentencing per recall of commitment. (PC1170(d).)
e. ☐ other (specify):

**14.   CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|------|---------------|--------|---------------|---|
| A | **TBD** | **TBD** | **TBD** | ☒ 4019 <br> ☐ 2933.1 |
| B | | | | ☐ 4019 <br> ☐ 2933.1 |
| C | | | | ☐ 4019 <br> ☐ 2933.1 |
| D | | | | ☐ 4019 <br> ☐ 2933.1 |

Date Sentence Pronounced: **12-8-05**

Time Served in State Institution:
DMH ____ CDCR ____ CRC ____

**15.   The defendant is remanded to the custody of the sheriff**   ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to   ☐ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☐ other (specify):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
**R. SCHACH**

DATE
**2-05-07**

CR-290 (Rev. January 1, 2007)    **ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**    Page 2 of 2

# Exhibit 4

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

**DATE: April 4, 2006**   **DEPT: 30**    **REPORTER A:** not reported    **CSR#**

**PRESENT: HONORABLE TIMOTHY R. WALSH**    **REPORTER B:**    **CSR#**
                          **JUDGE**

**CLERK: B. Lindahl**

                              **REPORTERS' ADDRESS: PO BOX 120128**
**BAILIFF:**                  **SAN DIEGO CA 92112-0128**

---

SCD193566 02
Case Number

## THE PEOPLE OF THE STATE OF CALIFORNIA
                                                    Plaintiff,
                              VS.

ABP093  02                 ROGER HARRY OLSON
DA Number                                                    Defendant.

CDC Number

## EX PARTE MINUTE ORDER

The Court has received the probation officer's report dated 03-15-06 and filed 04-04-06.  The

report contains a calculation of the defendant's custody credits as follows:

|        |                            |
|--------|----------------------------|
| 88     | Actual Days                |
| 44     | PC 4019/2933.1 Credits     |
| 132    | Total Days Custody Credits |

The Court finds that the defendant is entitled to receive the credits stated above and amends the sentence imposed

on 12-08-05  nunc pro tunc to that date.  The Abstract of Judgment of that sentence which was prepared

on 12-19-05  is also corrected by virtue of this minute order to reflect the above credits.

Date: April 04, 2006     _____
                         HONORABLE TIMOTHY R. WALSH Judge of the Superior Court

---

✓ Certified copy to:
  Department of Corrections



**CLERK'S CERTIFICATE**
The foregoing is a full, true and correct copy of the original on
file in this office.
                    **MICHAEL M. RODDY**
                    **CLERK OF THE SUPERIOR COURT**

Date: _____     By _____, Deputy

SUPCT CR-119(New 1-99)      **EX PARTE MINUTE ORDER - CUSTODY CREDITS**

# Exhibit 5

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

FOR COURT USE ONLY
**F I L E D**
Clerk of the Superior Court

**FEB 1 8 2022**

By: G. Arce-Barraza, Deputy

PLAINTIFF
**PEOPLE OF THE STATE OF CALIFORNIA**

DEFENDANT
**Roger Olson**

| | |
|---|---|
| SUPERIOR COURT CASE NUMBER | SCD193566 |

**MINUTES, RESPONSE, AND ORDER ON
PETITION FOR RESENTENCING**

| | |
|---|---|
| DISTRICT ATTORNEY NUMBER | ABP093 |

**TO BE FILLED OUT BY THE COURT ONLY:**

Defendant has filed a petition for resentencing/reduction and alleges pursuant to Pen. Code § 1170.18

Defendant ☒ has completed his/her sentence and petitions to have the felony count(s) designated as a misdemeanor(s).

☐ is still serving a sentence on the felony count(s) and petitions for resentencing.

**TO BE FILLED OUT BY THE PROSECUTING AGENCY ONLY:**

The District Attorney responds:

☒ The District Attorney agrees that the following counts are eligible for resentencing/reduction: CT 3 HS113777(a) ONLY
☐ Defendant is not entitled to the relief requested.
    Reason: ☐ No counts eligible under Pen. Code § 1170.18
    ☐ Defendant has at least one prior conviction for an offense under Pen. Code § 667(e)(2)(C)(iv) or for an offense requiring registration pursuant to Pen. Code § 290(c).
☐ A hearing should be held to determine ☐ whether defendant poses an unreasonable risk of danger to public safety ☐ other:

☒ Defendant has completed his/her sentence and is entitled to have the felony conviction(s) designated as a misdemeanor(s).
☐ Defendant is still serving his/her sentence and is entitled to resentencing.

Date: Feb 1, 2022

*Harrison C. Kennedy* Digitally signed by Harrison C. Kennedy Date: 2022.02.01 10:17:47 -08'00'
Deputy District Attorney

**COURT ORDER**

☐ The Petition is denied.
☒ The Petition is granted and the counts identified above are ordered designated as a misdemeanor conviction(s). CT 3 HS11377(a)
    ☐ Formal probation is now ordered converted to Probation to the Court, Same Terms and Conditions.
☐ The matter is ordered set for hearing or resentencing on _____, at 1:30 p.m. in Department _____ of the:
    ☐ Central Courthouse, 1100 Union St., San Diego, CA 92101
    ☐ North County Regional Center, 325 South Melrose Dr., Vista, CA 92081
    ☐ East County Regional Center, 250 East Main St., El Cajon, CA 92020
    ☐ South County Regional Center, 500 3rd Ave., Chula Vista, CA 91910

Resentencing does not permit a person to own, possess, or have in his or her custody or control any firearm (Pen. Code §1170.18(k)).

Date: 2-18-2022

*[signature]*
Judge of the Superior Court
**MAUREEN F. HALLAHAN**

**CLERK'S CERTIFICATE**

The foregoing document, consisting of ___ page(s), is a full, true, and correct copy of the ☐ original ☐ copy on file in this office.

Clerk of the Superior Court

Date: _____ by _____, Deputy

SDSC CRM-278 - (New 11/14)

**MINUTES, RESPONSE AND ORDER ON
PETITION FOR RESENTENCING**

Pen Code § 1170.18

# Exhibit 6



| **Individualized Needs Plan - Initial Classification   (Inmate Copy)** | **SEQUENCE: 01961113** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | **Team Date: 11-27-2023** |
| Plan is for inmate: OLSON II, ROGER HARRY  49151-177 | |

| | | | |
|---|---|---|---|
| Facility: | SAF SAFFORD FCI | Proj. Rel. Date: | 03-02-2027 |
| Name: | OLSON II, ROGER HARRY | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | **49151-177** | DNA Status: | SEA07156 / 07-20-2015 |
| Age: | 51 | | |
| Date of Birth: | 09-17-1972 | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Pending Charges**

| See PSI page 13. |
|---|

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|

*NO ASSIGNMENTS*

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SAF | ESL HAS | ENGLISH PROFICIENT | 09-29-2016 |
| SAF | GED HAS | COMPLETED GED OR HS DIPLOMA | 09-29-2016 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| ATL | C | S-SERVSAVE MANAGER CERT | 01-11-2022 | 06-22-2022 |
| ATL | C | MONEY SMART FSA | 09-27-2022 | 11-28-2022 |
| ATL | C | CLIMATE CHANGE | 11-02-2021 | 12-01-2021 |
| YAM | C | INFECTIOUS DISEASE | 12-23-2019 | 12-23-2019 |
| OAK | C | SHU KNOW YOUR CONSUMER | 10-23-2019 | 10-30-2019 |
| OAK | C | SHU JOB HUNTING BY TELEPHONE | 10-10-2019 | 10-23-2019 |
| OAK | C | SHU BE CREDIT WISE CREDIT | 10-03-2019 | 10-10-2019 |
| OAK | C | NUTRITION (RPP#1) | 09-18-2018 | 09-18-2018 |
| OAK | C | FITNESS TRAINER PREP (RPP#1) | 08-07-2018 | 09-17-2018 |
| ATL | C | ACE BASIC LAW | 04-24-2017 | 06-15-2017 |
| ATL | C | SPANISH(BEGINNING) | 04-24-2017 | 06-14-2017 |
| ATL | C | FOOD SERVICE SERVE SAFE CLASS | 08-08-2016 | 09-07-2016 |
| ATL | C | RPP1 AIDS & DISEASE PREVENTION | 06-29-2016 | 06-29-2016 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 06-08-2016 |
| CARE1-MH | CARE1-MENTAL HEALTH | 05-31-2016 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 08-19-2021 |
| LOWER BUNK | LOWER BUNK REQUIRED | 01-27-2023 |
| NO PAPER | NO PAPER MEDICAL RECORD | 05-30-2018 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 01-26-2017 |
| YES F/S | CLEARED FOR FOOD SERVICE | 01-26-2017 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP PART | RESIDENT DRUG TRMT PARTICIPANT | 11-20-2023 |
| ED COMP | DRUG EDUCATION COMPLETE | 11-14-2017 |



## Individualized Needs Plan - Initial Classification    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: OLSON II, ROGER HARRY  49151-177

SEQUENCE: 01961113
Team Date: 11-27-2023

| Assignment | Description | Start |
|------------|-------------|-------|
| MAT PART | MED ASSIST TRMT PARTICIPANT | 01-09-2023 |
| NR COMP | NRES DRUG TMT/COMPLETE | 01-07-2022 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|

**FRP Assignment:**    COMPLT    **FINANC RESP-COMPLETED**    **Start: 07-21-2018**

Inmate Decision:    **AGREED**    **$25.00**    Frequency: **SINGLE**
Payments past 6 months:    **$0.00**    Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|-----|------|--------|---------|---------|--------|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

### FRP Deposits

Trust Fund Deposits - Past 6 months:    $2,050.00    Payments commensurate ?    Y

New Payment Plan:    ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| AWARD | EBRR INCENTIVE AWARD | 08-01-2023 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 08-01-2023 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 11-22-2023 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 11-22-2023 |
| N-COGNTV N | NEED - COGNITIONS NO | 11-22-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-31-2021 |
| N-EDUC N | NEED - EDUCATION NO | 11-22-2023 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 11-22-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 11-22-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 11-22-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 11-22-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 11-22-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 11-22-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 11-22-2023 |
| N-WORK N | NEED - WORK NO | 11-22-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 11-22-2023 |

### Progress since last review

Inmate Olson recently arrived at FCI Safford on October 31, 2023. At this review there is no progress to note, due to this being his initial review. Updates will be made regarding his progress at his next scheduled review.

### Next Program Review Goals

Complete the Anger Management class. Invest in your health by starting an exercise and/or diet program; seek guidance in this area from the recreation department or the clinic, enroll and complete the Health and Wellness class. Complete both recommendations prior your next review.

### Long Term Goals

Complete the Seeking Safety class prior to 3-2027. Enroll in the Release Orientation Program by 12-2024 and complete by 3-2027. Save 10% of your monetary intake in the pre-release savings account throughout your incarceration, for preparation for your release in 3-2027. Have your birth certificate and driver's license/photo ID mailed into your Counselor prior to 03-2027. Save 10% of your monetary intake in the pre-release savings account throughout your incarceration, for preparation for your release in 03-2027.

### RRC/HC Placement

|  |
|---|

### Comments

None.

```
 SAFDE           *      INMATE EDUCATION DATA          *     01-22-2024
PAGE 001 OF 001 *          TRANSCRIPT                  *     15:18:03


REGISTER NO: 49151-177    NAME..: OLSON II                FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: SAF-SAFFORD FCI


-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
SAF  ESL HAS    ENGLISH PROFICIENT       09-29-2016 1150 CURRENT
SAF  GED HAS    COMPLETED GED OR HS DIPLOMA  09-29-2016 1150 CURRENT


---------------------------- EDUCATION COURSES ----------------------------
SUB-FACL   DESCRIPTION               START DATE  STOP DATE EVNT AC LV   HRS
SAF RDAP   JOB TRAINING/SKILLS DVLPMENT  01-18-2024 CURRENT
SAF RDAP   LEISURE MOVIE PROGRAM         11-10-2023 CURRENT
ATL        S-SERVSAVE MANAGER CERT       01-11-2022 06-22-2022  P  C  P   225
ATL        MONEY SMART FSA               09-27-2022 11-28-2022  P  C  P    28
ATL        CLIMATE CHANGE                11-02-2021 12-01-2021  P  C  P    10
YAM        INFECTIOUS DISEASE            12-23-2019 12-23-2019  P  C  P     1
OAK        SHU KNOW YOUR CONSUMER RIGHTS 10-23-2019 10-30-2019  P  C  P     4
OAK        SHU JOB HUNTING BY TELEPHONE  10-10-2019 10-23-2019  P  C  P     4
OAK        SHU BE CREDIT WISE CREDIT     10-03-2019 10-10-2019  P  C  P     4
OAK        NUTRITION (RPP#1)             09-18-2018 09-18-2018  P  C  P     3
OAK        FITNESS TRAINER PREP (RPP#1)  08-07-2018 09-17-2018  P  C  P    10
ATL        ACE BASIC LAW                 04-24-2017 06-15-2017  P  C  P    16
ATL        SPANISH(BEGINNING)            04-24-2017 06-14-2017  P  C  P    16
ATL        FOOD SERVICE SERVE SAFE CLASS 08-08-2016 09-07-2016  P  C  P     6
ATL        RPP1 AIDS & DISEASE PREVENTION 06-29-2016 06-29-2016  P  C  P    1




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
 SAFDE  531.01 *                  INMATE HISTORY                *     01-22-2024
PAGE 001 OF 001 *                    PT OTHER                   *     15:19:57

 REG NO..: 49151-177 NAME....: OLSON II, ROGER HARRY
 CATEGORY: PTO         FUNCTION: PRT         FORMAT:

FCL    ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP  DATE/TIME
SAF    ANG M WAIT ANGER MANAGEMENT CBT WAIT      06-02-2023 1458 CURRENT
SAF    CR TH WAIT CRIMINAL THINKING WAIT         04-06-2023 1348 CURRENT
ATL    CR TH WAIT CRIMINAL THINKING WAIT         06-02-2023 1458 07-25-2023 1348
ATL    CR TH FE   CRIMINAL THINKING  FAIL-EXPEL  01-10-2023 1052 01-10-2023 1052
ATL    CR TH PART CRIMINAL THINKING PART         11-29-2022 0800 01-10-2023 1052
ATL    CR TH WAIT CRIMINAL THINKING WAIT         11-10-2021 0900 11-29-2022 0800
ATL    MON SM O C MONEY SMART OLDER POP COMP     11-28-2022 1405 11-28-2022 1405
ATL    MON SM O P MONEY SMART OLDER POP PART     09-27-2022 0930 11-28-2022 1405
ATL    MON SM O W MONEY SMART OLDER POP WAIT     06-07-2022 0831 09-27-2022 0930
ATL    TALK DOC C TALKING WITH YOUR DOCTOR COMP  03-23-2020 1750 03-28-2022 1146
ATL    TALK DOC P TALKING WITH YOUR DOCTOR PART  02-24-2022 1200 03-28-2022 1146
ATL    TALK DOC W TALKING WITH YOUR DOCTOR WAIT  02-22-2022 1200 02-24-2022 1200
ATL    BRN HLTH C BRAIN HEALTH AS YOU AGE COMP   08-28-2021 0852 01-28-2022 0852
ATL    BRN HLTH P BRAIN HEALTH AS YOU AGE PART   06-28-2021 0851 08-28-2021 0852

G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:49151-177, Last Name:OLSON II

**U.S. DEPARTMENT OF JUSTICE**                        **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 49151-177 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (31) |
|   Last.........: OLSON II |   Violent Level......: R-LW (15) |
|   First........: ROGER | Security Level Inmate: LOW |
|   Middle.......: HARRY | Security Level Facl..: LOW |
|   Suffix.......: | Responsible Facility.: SAF |
| Gender.........: MALE | Start Incarceration..: 04/18/2016 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 9

General Score: -9, Violent Score: -3

Risk Item Data

| Category - | Assignment - | Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 11/14/2017 08:31 | |
| EDC | SERV SAFE | 08/08/2016 13:15 | 08/08/2016 13:15 |
| EDC | SPANISH I | 04/24/2017 19:30 | 04/24/2017 19:30 |
| EDC | BASC LAW | 04/24/2017 19:32 | 04/24/2017 19:32 |
| EDC | SHU CREDIT | 10/03/2019 13:39 | 10/03/2019 13:39 |
| EDC | SHU PHONE | 10/10/2019 17:48 | 10/10/2019 17:48 |
| EDC | SHU CONS | 10/23/2019 17:07 | 10/23/2019 17:07 |
| EDC | ACE-CLIMAT | 11/02/2021 09:34 | 11/02/2021 09:34 |
| EDC | MON SMART | 09/27/2022 09:31 | 09/27/2022 09:31 |

------------------------------------------------

Item: Work Programs, Value: 1

General Score: -1, Violent Score: -1

Risk Item Data

| Category - | Assignment - | Start | - Stop |
|---|---|---|---|
| EDC | SERVSAFEMG | 01/11/2022 08:22 | 01/11/2022 08:22 |

Roger Harry Olson II #49151-177
Federal Correctional Institution Safford
P.O. Box 9000
Safford, Arizona 85548

RECEIVED

FEB - 2 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

24 January, 2024

Clerk Of Court
United States District Court
Northern District Of Texas
Dallas Division
1100 Commerce Street
Room #1452
Dallas, Texas 75242

RE: United States Vs. Roger Harry Olson II
    3:15-CR-00029-N

Dear Clerk Of Court,

    Enclosed please find my "Motion For Reduction in Sentence and Appointment Of Counsel" for filing with the Court. Also, enclosed is an extra front page for you to stamp and return for my files; self addressed stamped envelope enclosed for your convenience.

Sincerely,

Roger H. Olson II

Roger Harry Olson II #49151-177
Appearing Pro Se

