UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE ST., ROOM 1452
DALLAS, TX 75242-1310

OFFICIAL BUSINESS



LEGAL MAIL

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

Roger Harry Olson, II
#49151-177
BOP Oakdale FCI I
PO Box 5000
Oakdale, LA 71463

3:15-cr-29-N-1

**Roger Harry Olson, II**
#49151-177
BOP Oakdale FCI I
PO Box 5000
Oakdale, LA 71463

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:15-cr-29-N-1 |
| | § | |
| ROGER HARRY OLSON, II, | § | |
| #49151-177, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Roger Harry Olson, II's ("Defendant") *pro se* motion for compassionate release requesting the reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons. (Doc. 93)

IT IS ORDERED that Defendant's motion to reduce sentence is DENIED after a complete review on the merits and under 18 U.S.C. § 3582(c)(1)(A):

After considering the motion, the applicable sentencing factors provided in 18 U.S.C. § 3553(a), and the policy statements issued by the United States Sentencing Commission, the Court concludes that Defendant's request for compassionate release must be denied. A prisoner seeking compassionate release must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). On November 1, 2023, the Sentencing Commission issued an amended policy statement setting forth circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13.

Relying on its own judgment, the Court finds no compelling or extraordinary reasons for a sentence reduction under § 3582(c)(1)(A). Defendant seeks a reduction of his sentence of imprisonment based on: (1) his unusually long sentence; (2) his extensive rehabilitation during his incarceration; and (3) the sentencing factors under § 3553(a).

In this criminal case, Defendant pled guilty to one count of possession with intent to distribute a controlled substance, namely methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) ("Count One"), and one count of possession with intent to distribute a controlled substance, namely GHB, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"). The Government issued an information and notice under 21 U.S.C. § 851(a)(1) of its intent to use Defendant's prior California state drug conviction in cause number C0193566 to seek the enhanced penalties provided in § 841(b)(1)(B) for Count One. Based on this predicate offense, Defendant was subjected to

the enhanced statutory penalty of 10 years to life imprisonment on Count One, rather than to the statutory penalty of 5 to 40 years' imprisonment. The Government did not seek or obtain any enhanced statutory penalty for Count Two, which carried a statutory penalty of up to 20 years' imprisonment. Defendant was sentenced to 180 months' imprisonment as to Count One and Count Two, to run concurrently.

Here, Defendant argues that he is serving an unusually long sentence for purposes of § 1B1.13, as amended, because the predicate drug offense that the Government used to seek enhanced penalties on Count One is no longer a qualifying "serious drug felony" for purposes of the enhanced statutory penalty of imprisonment under § 841(b)(1)(B). Based on this, Defendant "asserts that were he sentenced today, he would face only a 90 month sentence, rather than the 180 months sentence currently imposed." Doc. 93 at 2. Defendant is incorrect. Even if the Court assumes, without deciding, that the predicate drug offense relied upon by the Government in its § 851 information and notice no longer qualifies as a predicate for enhanced penalties under § 841 as to Count One, Defendant's Count One conviction would still carry a statutory penalty of 5 to 40 years' imprisonment; Count Two's statutory penalty of up to 20 years' imprisonment would be unchanged as it was not subject to any enhanced penalties in this case. Further, notwithstanding the statutory penalty ranges, Defendant's applicable guideline imprisonment range for purposes of sentencing was 262 to 327 months. Defendant has not shown that his claim that he would be subject to a 90-month sentence if sentenced today is meritorious, and his allegations that his 180-month sentence is "unusually long" do not present a plausible argument sufficient to show extraordinary and compelling reasons for compassionate release under § 1B1.13.

Further, even if Defendant's claims, separately or in combination, were sufficient to show the existence of extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A), based on the record as a whole and after weighing the § 3553(a) sentencing factors, the Court finds in its discretion that they do not support Defendant's request. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (finding "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a).">. The nature and circumstances of Defendant's offenses and his history and characteristics do not justify a reduced sentence.

According to the presentence investigation report and addendum submitted in this case by the United States Probation Office, Defendant was held accountable for a marijuana equivalent of 1,591 kilograms, comprised of quantities of methamphetamine, GHB, and marijuana recovered during searches of Defendant's residence. The searches of Defendant's residence also uncovered items indicative of identity theft and falsification of identifying documents, which items were in turn consistent with a source's statements to law enforcement about his involvement in a credit card abuse scheme and his related actions on Defendant's behalf. Based on Defendant's criminal history – which included multiple drug offenses – he qualified for the highest criminal history category of VI under the sentencing guidelines. He committed his offenses in this case while on probation for a state felony drug offense. As discussed, his guideline imprisonment range was 262 to 327

2

months, and he was sentenced far below that range to a total term of 180 months' imprisonment.

Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. Moreover, while the Court commends Defendant's rehabilitation efforts and accomplishments during his incarceration, it finds that the § 3553(a) factors do not support a sentence reduction at this time. *See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

Accordingly, the Court DENIES Defendant's motion for compassionate release.

As to Defendant's request for the appointment of counsel, there is no statutory or constitutional right to appointed counsel for bringing a motion to reduce sentence. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). Moreover, for the reasons explained, Defendant fails to show that the interest of justice requires the appointment of counsel in this case. *See United States v. Okpalobi*, 831 F. App'x 715, 716-17 (5th Cir. 2020) (per curiam) (citations omitted). His request for appointed counsel is therefore also DENIED.

**It is so ordered** this 3rd day of October, 2024.

David C. Godbey
**Chief United States District Judge**

3